**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **COREY GRIBBEN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) **No.   08 CV 00123** | |
| | ) | |
| **CITY OF SUMMIT, OFFICER FLINCHUM** | ) **Judge Samuel Der-Yeghiayan** | |
| **AND OFFICER MAZE,** | ) | |
| **Defendant(s).** | ) | |

**INITIAL STATUS REPORT**

NOW COMES the Plaintiff, COREY GRIBBEN, by and through his attorneys, Basile Law Firm, and Defendants, by and through their attorneys, Dowd and Dowd, Ltd. and in compliance with the Court's order, states as follows:

**NATURE OF CLAIMS AND COUNTERCLAIMS**

This is s civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States by causing severe and unjustified bodily injury to plaintiff after plaintiff was involved in a automobile accident. The jurisdiction of this Court is invoked by pursuant to the Civil Rights Act, 42 U.S.C., Sections 1983 and 1985; the judicial code 28 U.S.C., Sections 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., Sect. 1367 (a).

**RELIEF SOUGHT BY PLAINTIFF**

Plaintiff seeks monetary damages against defendants in excess of $100,000.00 and any applicable attorneys fees, penalties, punitive damages, and costs allowed under statute or other law.

## NAMES OF PARTIES NOT SERVED

All defendants have waived service and Defense counsel, Pat Dowd, of Dowd &

Dowd, Ltd. has or will be appearing on behalf of all defendants.

## PRINCIPLE LEGAL ISSUES

The principle legal issues in this case are rights pursuant to the Civil Rights Act,

42 U.S.C., Sections 1983 and 1985; and supplemental state law claims of battery and

intentional infliction of emotional distress.

## PRINCIPAL FACTUAL ISSUES

Plaintiff alleges on January 6, 2007, at approximately 4:08 a.m., defendant police

officers investigated an automobile accident on Rt. 171 over the I-55 expressway, in

Summit, Illinois, in which plaintiff was a passenger in one of the vehicles.  Plaintiff was

not issued any citation in the accident and was not charged with any crimes relating to the

accident.

After their investigation was complete, the defendant police officers demanded

and ordered that plaintiff leave the scene and walk down a busy and icy highway which

did not have any sidewalks or shoulders and without offering plaintiff transportation or

allowing plaintiff to wait for safe transportation.

The defendant officers then proceeded to assault and batter the plaintiff by

verbally abusing him, pushing him down on the icy highway and then repeatedly

slamming his face into the hood of their squad car fracturing his nose.

The defendant police officers then failed to transport the plaintiff to a hospital or

to offer any timely medical treatment for the severe injury they had caused to the

plaintiff.

Once at the station, and while plaintiff was handcuffed, the defendant police officers pushed plaintiff up the steps leading from the sally port to the station causing plaintiff to fall and hit his chin on the steps.  Plaintiff suffered a gash under his chin requiring 5 sutures.  Again, defendant officers failed to transport the plaintiff to a hospital or to offer the plaintiff any timely medical treatment.

## LIST OF PENDING MOTIONS

None at this time.

## DESCRIPTION OF DISCOVERY REQUESTED AND EXCHANGED

Parties will shortly propound written interrogatories and commence oral fact discovery at the appropriate time thereafter.  Parties will then conduct medical fact discovery and then proceed into any retained expert discovery.

## TYPE OF DISCOVERY NEEDED

The discovery noted in the above section is the discovery needed to prepare this case to trial.

## PROPOSED DATES FOR DISCOVERY DISCLOSURES AND COMPLETION

The parties propose 60 days from the intial status call date of March 5, 2008, or until May 5, 2008 for Rule 26(a)(1) disclosures, 90 days thereafter or until August 5, 2008 for fact discovery completion, 60 days thereafter or until October 5, 2008 for plaintiff to disclose any expert witnesses, 60 days thereafter or until December 5, 2008 for defendant to depose plaintiff's experts, 60 days thereafter or until February 5, 2009 for defendant to disclose any expert witnesses, 60 days thereafter or until April 5, 2009 for plaintiff to depose defendants' experts, 60 days thereafter or until June 5, 2009 for

any dispositive motions, and 30 days thereafter or until July 5, 2009 for filing of a final

pretrial order.

## ESTIMATION OF WHEN THE CASE WILL BE READY FOR TRIAL

Based on the above discovery schedule, this case should be ready for trial in the

fall of 2009.

## PROBABLE LENGTH OF TRIAL

Parties estimate at this point the trial to last approximately one week.

## WHETHER A REQUEST HAS BEEN MADE FOR A JURY TRIAL

A request for a jury trial has been made.

## SETTLEMENT DISCUSSIONS

None at this time.

## CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The parties at this time do not consent to proceed before a Magistrate Judge.

Respectfully submitted,

/s/  Mark G. Basile

Mark G. Basile
Attorney for Plaintiff(s)

and

/s/  Patrick J. Ruberry
Attorney for Defendant(s)

Basile Law Firm
180 N. LaSalle St., Ste. 1450
Chicago, Illinois  60601
(312) 795-0295

DOWD & DOWD, LTD.
617 West Fulton Street
Chicago, Illinois 60661
(312) 704-4400