IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COREY GRIBBEN, ) | |
|          Plaintiff, ) | |
| v. ) | No.  08 CV 00123 |
| ) | |
| VILLAGE OF SUMMIT, OFFICER ) | |
| FLINCHUM AND OFFICER MAZE, ) | |
|          Defendant(s). ) | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, COREY GRIBBEN, by and through his attorneys, Basile Law Firm, and complaining of the Defendants, VILLAGE OF SUMMIT, SUMMIT POLICE OFFICER FLINCHUM, AND SUMMIT POLICE OFFICER MAZE, alleges and states as follows:

**INTRODUCTION**

1. This is s civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States.

**JURISDICTION**

2. The jurisdiction of this Court is invoked by pursuant to the Civil Rights Act, 42 U.S.C., Sections 1983 and 1985;  the judicial code 28 U.S.C., Sections 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., Sect. 1367 (a).

**PARTIES**

3. At all times mentioned herein, plaintiff, Corey Gribben, was and now is a citizen of the United States and resident of Illinois, and was within the jurisdiction of this Court.

4.   Defendants, Summit Police Officers Flinchum and Maze, were, at the time of this occurrence, duly licensed Summit Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5.   Defendant, Village of Summit, is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

## FACTS

6.   On January 6, 2007, at approximately 4:08 a.m., defendant police officers investigated an automobile accident on Rt. 171 over the I-55 expressway, in Summit, Illinois, in which plaintiff was a passenger in one of the vehicles. Plaintiff was not issued any citation in the accident and was not charged with any crimes relating to the accident.

7.   After their investigation was complete, the defendant police officers demanded and ordered that plaintiff leave the scene and walk down a busy and icy highway which did not have any sidewalks or shoulders and without offering plaintiff transportation or allowing plaintiff to wait for safe transportation.

8.   The defendant officers then proceeded to assault and batter the plaintiff by verbally abusing him, pushing him down on the icy highway and then repeatedly slamming his face into the hood of their squad car fracturing his nose.

9.   .The defendant police officers then failed to transport the plaintiff to a hospital or to offer any timely medical treatment for the severe injury they had caused to the plaintiff.

10.   Once at the station, and while plaintiff was handcuffed, the defendant police officers pushed plaintiff up the steps leading from the sally port to the station

causing plaintiff to fall and hit his chin on the steps. Plaintiff suffered a gash under his chin requiring 5 sutures. Again, defendant officers failed to transport the plaintiff to a hospital or to offer the plaintiff any timely medical treatment.

11. The defendant officers then conspired and agreed to destroy the evidence of the beating and in furtherance of this conspiracy, filed false and incomplete police reports relative to plaintiffs arrest and injuries, and destroyed video tape of the beating which was taken from the squad car video camera at the time of the occurrence.

12. As a direct and proximate result of the malicious actions of the defendant police officers, plaintiff was injured, including loss of his freedom, loss of property, humiliation, pain and suffering, the deprivation of his constitutional rights, and his dignity, attorney's fees, and extreme emotional distress.

13. As a direct and proximate cause of the assault and battery inflicted on the plaintiff, the plaintiff suffered severe and life threatening physical injuries, acute pain, suffering and emotional distress.

## COUNT 1

### 42 U.S.C. Section 1983- Excessive Force

1-13. Plaintiff re-alleges paragraphs 1-13 above, as if fully set forth here.

14. The actions of the officers, detailed above, constitute unreasonable, unjustifiable, and excessive force against plaintiff, violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

15. As a proximate result of the above detailed actions of the defendants, plaintiff was injured, including his severe physical injuries, pain, mental suffering, anguish, humiliation, and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages against defendant officers in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages, jointly and severally, in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this Court deems equitable and just.   .

## COUNT I1

### 745 ILCS 10/9-102

1-13.   Plaintiff re-alleges paragraphs 1-13 above, as if fully set forth here.

14.   Defendant Village of Summit is the employer of defendant police officers Flinchum and Maze.

15.   Defendant officers engaged in the conduct complained of under color of law and while on duty in the course and scope of their employment as employees with defendant Village of Summit.

WHEREFORE, should the defendant officers be found liable on one or more of the claims set forth in this complaint, plaintiff demands, pursuant to 745 ILCS 10/9-102, the defendant Village of Summit be found liable for any judgment plaintiff obtains against the defendant police officers, as well as attorneys fees and costs awarded.

## COUNT I1I

### Battery- State Claim against Village and Officers

1-13.   Plaintiff re-alleges paragraphs 1-13 above, as if fully set forth here.

14. By the actions described above, and by participating in the above-described conspiracy, the individual defendants intentionally made offensive bodily contact against plaintiff and inflicted bodily harm to plaintiff.

15. By the actions described above, and by participating in the above-described conspiracy, the individual defendants performed the acts detailed above with the intent of inflicting physical harm to plaintiff and plaintiff was physically harmed.

16. As a direct and proximate result of the above, plaintiff was injured, including suffering a fractured nose requiring surgery and a cut to his chin requiring stitches and leaving a permanent scar, and incurred extensive medical bills.

17. The Village is sued in this Count pursuant to the doctrine of Respondeat Superior, as the defendant police officers performed the above actions complained of while on duty and in the employ of the defendant Village, and while acting within the scope of their employment.

WHEREFORE, plaintiff demands judgment against the Village and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this Court deems equitable and just.   .

## COUNT IV

### False Arrest- State Claim against Village and Officers

1-13. Plaintiff re-alleges paragraphs 1-13 above, as if fully set forth here.

14. By the actions described above, and by participating in the above-described conspiracy, the individual defendants knowingly sought and did in fact arrest plaintiff on false charges for which they knew there was no probable cause.

15. The Village is sued in this Count pursuant to the doctrine of Respondeat Superior, as the defendant police officers performed the above actions complained of while on duty and in the employ of the defendant Village, and while acting within the scope of their employment.

16. As a direct and proximate result of the above, plaintiff was damaged, including the value of his lost liberty, exposure to public disgrace, damage to his reputation, mental and emotional suffering, humiliation, pain and anguish.

WHEREFORE, plaintiff demands judgment against the Village and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this Court deems equitable and just.   .

## COUNT V

**Intentional Infliction of Emotional Distress against Village and Officers**

1-13. Plaintiff re-alleges paragraphs 1-13 above, as if fully set forth here.

14. The above described conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

15. The defendants performed the above acts with the intent of inflicting severe emotional distress on the plaintiff or with the knowledge of the high probability that the conduct would cause such distress.

16. As a direct and proximate result of the above described actions, the plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, fear, and flashbacks.

.17. The Village is sued in this Count pursuant to the doctrine of Respondeat Superior, as the defendant police officers performed the above actions complained of while on duty and in the employ of the defendant Village, and while acting within the scope of their employment.

WHEREFORE, plaintiff demands judgment against the Village and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this Court deems equitable and just.  .

                              Respectfully submitted,

                              Mark G. Basile
                              Attorney for Plaintiff(s)

Basile Law Firm
180 N. LaSalle St., Ste. 1450
Chicago, Illinois  60601
(312) 795-0295
Attorney Code: 38255