JSG/cv                                                                                                        3118-110

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COREY GRIBBEN, ) | |
|       Plaintiff, ) | |
|   v. ) | No.   08 CV 00123 |
| ) | |
| VILLAGE OF SUMMIT, OFFICER FLINCHUM ) | Judge Samuel Der-Yeghiayan |
| AND OFFICER MASE, ) | |
|       Defendant(s). ) | Magistrate Judge Keys |

### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AT LAW

NOW COME the defendants, VILLAGE OF SUMMIT, OFFICER FLINCHUM and OFFICER MASE, by and through their attorneys, LITCHFIELD CAVO, LLP., and in answering the plaintiff's Amended Complaint at Law, state as follows:

### INTRODUCTION

1.      This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States.

**ANSWER:**   Defendants deny the allegations set forth in paragraph one of plaintiff's Amended Complaint at Law.

### JURISDICTION

2.      The jurisdiction of this Court is invoked by pursuant to the Civil Rights Act, 42 U.S.C. § 1983 and 1985; the judicial code of 28 U.S.C., § 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**ANSWER:**   Defendants admit the existence of the statutes conferring jurisdiction, but deny their applicability to this cause of action.

## PARTIES

3. At all times mentioned herein, plaintiff, Corey Gribben, was and now is a citizen of the United States and resident of Illinois, and was within the jurisdiction of this Court.

**ANSWER:** Due to lack of insufficient information, defendants neither admit nor deny the allegations set forth in paragraph three of plaintiff's Amended Complaint at Law.

4. Defendants, Summit Police Officers Flinchum and Mase, were, at all time of this occurrence, duly licensed Summit Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They were sued in their individual capacities.

**ANSWER:** Defendants admit that Flinchum and Mase were duly licensed Officers acting in the course and scope of their employment and under color of law, but deny they engaged in the conduct set forth in plaintiff's Amended Complaint at Law.

5. Defendant Village of Summit, is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

**ANSWER:** Defendants admit that the Village of Summit, is a municipal corporation duly incorporated under the laws of the State of Illinois and it employed Officers Flinchum and Mase.

## FACTS

6. On January 6, 2007, at approximately 4:08 a.m. defendant police officers investigated an automobile accident on Rt. 171 over the I-55 expressway, in Summit, Illinois in

which plaintiff was a passenger in one of the vehicles. Plaintiff was not issued any citation in the accident and was not charged with any crimes relating to the accident.

**ANSWER:** Defendants admit the allegations set forth in paragraph six.

7. After their investigation was complete, the defendant police officers demanded and ordered that plaintiff leave the scene and walk down a busy and icy highway which did not have any sidewalks or shoulders and without offering plaintiff transportation or allowing plaintiff to wait for safe transportation.

**ANSWER:** Defendants deny all allegations set forth in paragraph seven of the plaintiff's Amended Complaint at Law.

8. The defendant officers then proceeded to assault and batter the plaintiff by verbally abusing him, pushing him down on the icy highway and then repeatedly slamming his face into the hood of their squad car fracturing his nose.

**ANSWER:** Defendants deny all allegations set forth in paragraph eight of the plaintiff's Amended Complaint at Law.

9. The defendant police officers then failed to transport the plaintiff to a hospital or to offer any timely medical treatment for the severe injury they had caused to plaintiff.

**ANSWER:** Defendants deny all allegations set forth in paragraph nine of the plaintiff's Amended Complaint at Law.

10. Once at the station, and while plaintiff was handcuffed, the defendant police officers pushed plaintiff up the steps leading from the sally port to the station causing plaintiff to

fall and hit his chin on the steps. Plaintiff suffered a gash under his chin requiring 5 sutures. Again, defendant officers failed to transport the plaintiff to a hospital or to offer the plaintiff any timely medical treatment.

**ANSWER:** Defendants deny all allegations set forth in paragraph ten of the plaintiff's Amended Complaint at Law.

11. The defendant officers then conspired and agreed to destroy the evidence of the beating and in furtherance of this conspiracy, filed false and incomplete police reports relative to plaintiffs arrest and injuries, and destroyed video tape of the beating which was taken from the squad car video camera at the time of the occurrence.

**ANSWER:** Defendants deny all allegations set forth in paragraph eleven of the plaintiff's Amended Complaint at Law.

12. As direct and proximate result of the malicious actions of the defendant police officers, plaintiff was injured, including loss of his freedom, loss of property, humiliation, pain and suffering, the deprivation of his constitutional rights, and his dignity, attorney's fees, and extreme emotional distress.

**ANSWER:** Defendants deny all allegations set forth in paragraph twelve of the plaintiff's Amended Complaint at Law.

13. As a direct and proximate cause of the assault and battery inflicted on the plaintiff, the plaintiff suffered severe and life threatening physical injuries, acute pain, suffering and emotional distress.

**ANSWER:** Defendants deny all allegations set forth in paragraph thirteen of the plaintiff's Amended Complaint at Law.

## COUNT I

### 42 U.S.C. Section 1983 – Excessive Force

1-13.   Plaintiff re-alleges paragraphs 1-13 above, as if fully set forth here.

**ANSWER:**   Defendants adopt and re-allege their answers to paragraphs 1-13 above, as their answers to paragraphs 1-13 in Count I as if fully set forth herein.

14.   The actions of the officers, detailed above, constitute unreasonable, unjustifiable, and excessive force against plaintiff, violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

**ANSWER:**   Defendants deny all allegations set forth in paragraph fourteen of Count I of the plaintiff's Amended Complaint at Law.

15.   As a proximate result of the above detailed actions of the defendant, plaintiff was injured, including his severe physical injuries, pain, mental suffering, anguish, humiliation, and medical expenses.

**ANSWER:**   Defendants deny all allegations set forth in paragraph fifteen of Count I of the plaintiff's Amended Complaint at Law.

WHEREFORE, Defendants deny they are liable in any amount whatsoever to plaintiff, Corey Gribben. Defendants deny that they acted maliciously, wantonly or oppressively. Defendants further deny that plaintiff is entitled to punitive damages and demand judgment in their favor on all pleadings.

## COUNT II

### 745 ILCS 10/9-102

1-13.   Plaintiff re-alleges paragraphs 1-13 above, as if fully set forth here.

**ANSWER:**   Defendants adopt and re-allege their answers to paragraphs 1-13 above, as their answers to paragraphs 1-13 in Count II as if fully set forth herein.

14.   Defendant Village of Summit is the employer of defendant police officers Flinchum and Mase.

**ANSWER:**   Defendants admit that the Village of Summit is the employer of Officers Flinchum and Mase.

15.   Defendant officers engaged in the conduct complained of under color of law and while on duty in the course and scope of their employment as employees with defendant Village of Summit.

**ANSWER:**   Defendants deny that the officers engaged in the conduct set forth, but admit that the officers were employed by the Village of Summit.

WHEREFORE, the defendant officers deny that they are liable in any amount whatsoever to plaintiff, Corey Gribben, and the Village of Summit denies that it is liable in any amount whatsoever to plaintiff, Corey Gribben, and that no defendant is liable for attorneys' fees and costs.

## COUNT III

### Battery-State Claim against Village and Officers

1-13.   Plaintiff re-alleges paragraph 1-13 above, as if fully set forth here.

**ANSWER:**   Defendants adopt and re-allege their answers to paragraphs 1-13 above, as their answers to paragraphs 1-13 in Count III as if fully set forth herein

14. By the actions described above, and by participating in the above-described conspiracy, the individual defendants intentionally made offensive bodily contact against plaintiff and inflicted bodily harm to plaintiff.

**ANSWER:** Defendants deny the allegations set forth in paragraph fourteen of Count III of plaintiff's Amended Complaint at Law.

15. By the actions described above, and by participating in the above-described conspiracy, the individual defendants performed the acts detailed above with the intent of inflicting physical harm to plaintiff and plaintiff was physically harmed.

**ANSWER:** Defendants deny the allegations set forth in paragraph fifteen of Count III of plaintiff's Amended Complaint at Law.

16. As a direct and proximate result of the above, plaintiff was injured, including suffering a fractured nose requiring surgery and a cut to his chin requiring stitches and leaving a permanent scar, and incurred extensive medical bills.

**ANSWER:** Defendants deny the allegations set forth in paragraph sixteen of Count III of plaintiff's Amended Complaint at Law.

17. The Village is sued in this Count pursuant to the doctrine of *Respondeat Superior*, as the defendant police officers performed the above actions complained of while on duty and in the employ of the defendant Village, and while acting within the scope of their employment.

**ANSWER:** Defendants deny the allegations set forth in paragraph seventeen of Count III of plaintiff's Amended Complaint at Law.

WHEREFORE, Defendants deny they are liable in any amount whatsoever to plaintiff, Corey Gribben. Defendants further deny that they acted maliciously, wantonly or oppressively.

Defendants further deny that plaintiff is entitled to punitive damages and demand judgment in their favor on all pleadings.

## COUNT IV

### False Arrest – State Claim against Village and Officers

1-13.   Plaintiff re-alleges paragraphs 1-13 above, as if fully set forth here.

**ANSWER:**   Defendants adopt and re-allege their answers to paragraphs 1-13 above, as their answers to paragraphs 1-13 in Count IV as if fully set forth herein

14.   By the actions described above, and by participating the above-described conspiracy, the individual defendants knowingly sought and did in fact arrest plaintiff on false charges for which they knew there was no probable cause.

**ANSWER:**   Defendants deny the allegations set forth in paragraph fourteen of Count IV of plaintiff's Amended Complaint at Law.

15.   The Village is sued in this Count pursuant to the doctrine of *Respondeat Superior*, as the defendant police officers performed the above actions complained of while on duty and in the employ of the defendant Village, and while acting within the scope of their employment.

**ANSWER:**   Defendants deny the allegations set forth in paragraph fifteen of Count IV of plaintiff's Amended Complaint at Law.

16.   As a direct and proximate result of the above, plaintiff was damaged, including the value of his lost liberty, exposure to public disgrace, damage to his reputation, mental and emotional suffering, humiliation, pain and anguish.

**ANSWER:**   Defendants deny the allegations set forth in paragraph sixteen of Count IV of plaintiff's Amended Complaint at Law.

WHEREFORE, Defendants deny they are liable in any amount whatsoever to plaintiff, Corey Gribben. Defendants further deny that they acted maliciously, wantonly or oppressively. Defendants further deny that plaintiff is entitled to punitive damages and demand judgment in their favor on all pleadings.

## COUNT V

### Intentional Infliction of Emotional Distress against Village and Officers

1-13. Plaintiff re-alleges paragraph 1-13 above, as if fully set forth here.

**ANSWER:** Defendants adopt and re-allege their answers to paragraphs 1-13 above, as their answers to paragraphs 1-13 in Count V as if fully set forth herein

14. The above described conduct by the defendants were extreme and outrageous, exceeding all bounds of human decency.

**ANSWER:** Defendants deny the allegations set forth in paragraph fourteen of Count V of plaintiff's Amended Complaint at Law.

15. The defendants performed the above acts with the intent of inflicting severe emotional distress on the plaintiff or with the knowledge of the high probability that the conduct would cause such distress.

**ANSWER:** Defendants deny the allegations set forth in paragraph fifteen of Count V of plaintiff's Amended Complaint at Law.

16. As a direct and proximate result of the above described actions, the plaintiff did in fact suffer severe emotional distress on the plaintiff or with the knowledge of the high probability that the conduct would cause such distress.

**ANSWER:** Defendants deny the allegations set forth in paragraph sixteen of Count V of plaintiff's Amended Complaint at Law.

17. The Village is sued in this Count pursuant to the doctrine of *Respondeat Superior*, as the defendant police officers performed the above actions complained of while on duty and in the employ of the Village, and while acting within the scope of their employment.

**ANSWER:** Defendants deny the allegations set forth in paragraph seventeen of Count V of plaintiff's Amended Complaint at Law.

WHEREFORE, Defendants deny they are liable in any amount whatsoever to plaintiff, Corey Gribben. Defendants further deny that they acted maliciously, wantonly or oppressively. Defendants further deny that plaintiff is entitled to punitive damages and demand judgment in their favor on all pleadings.

## AFFIRMATIVE DEFENSES

Defendants, the VILLAGE OF SUMMIT, an Illinois municipal corporation, and OFFICERS FLINCHUM and MASE, and for their Affirmative Defenses to Plaintiff's Amended Complaint, without prejudice to the above and foregoing answers, and in the alternative, state as follows:

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that he has failed to mitigate, minimize, or avoid any damages he has allegedly sustained.

### THIRD AFFIRMATIVE DEFENSE

Whatever injuries and damages Plaintiff may have sustained at the time and place alleged in his Amended Complaint were caused by, and arose out of, Plaintiff's own intentional misconduct, including his failure to abide by the instructions of a sworn peace officer.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Officers Flinchum and Mase had probable cause to arrest Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

At all times relevant to the allegations of Plaintiff's Amended Complaint, Defendant Officers Flinchum and Mase acted in good faith and in accordance with the Constitution and laws of the United States and the State of Illinois.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Officers Flinchum and Mase acted towards Plaintiff without malice and without intent to cause a deprivation of constitutional rights or other injury to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

At all times relevant to the allegations of Plaintiff's Amended Complaint, Defendant Officers Flinchum and Mase were acting pursuant to the policies and general orders of the Village of Summit Police Department, in conformance with existing statutory and case law, thereby affording him with qualified immunity from liability under 42 U.S.C. § 1983.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant Officers Flinchum and Mase's use of force in the course of arresting Plaintiff was reasonable, applied in self-defense and/or in the defense of others including bystanders and one another.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff cannot recover punitive damages against Village of Summit.  Section 2-102 of the Illinois Tort Immunity Act [745 ILCS 10/2-1-2] provides in pertinent part that a local public entity such as Forest Park is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by an injured party or a third party.

**TENTH AFFIRMATIVE DEFENSE**

As an affirmative defense to Count III, IV and V, Defendants state that at all times relevant to the allegations of Plaintiff's Amended Complaint, Defendant Officers Flinchum and Mase were public employees of the Village of Summit, a municipal corporation; Defendant Officers Flinchum and Mase's arrest of Plaintiff on January 6, 2007 was an act in the execution or enforcement of a law; Defendant Officers Flinchum and Mase's actions in arresting Plaintiff were not willful and wanton conduct; Defendant Officers Flinchum and Mase are therefore immune from any common-law liability to Plaintiff pursuant to Section 2-202 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

**ELEVENTH AFFIRMATIVE DEFENSE**

As an affirmative defense to Count III, IV and V, Defendants state that at all times relevant to the allegations of Plaintiff's Amended Complaint, Defendant Officers Flinchum and Mase were public employees of the Village of Summit, a municipal corporation; Defendant Officers Flinchum and Mase's arrest of Plaintiff on January 6, 2007 was an act occurring within the scope of their public employment as police officers, a position involving the exercise of discretion and requiring judgment; and Defendant Officers Flinchum and Mase are therefore immune from any common-law liability to Plaintiff for punitive damages pursuant to Section 2-213 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-213.

**TWELFTH AFFIRMATIVE DEFENSE**

As an affirmative defense to Count III, IV and V, Defendants state that at all times relevant to the allegations of Plaintiff's Amended Complaint, Defendant Officers Flinchum and Mase were public employees of the Village of Summit, a municipal corporation; Defendant Officers Flinchum and Mase's arrest of Plaintiff on January 6, 2007 was an act occurring within the scope of their

public employment as police officers, a position involving the determination of policy or the exercise of discretion, and Defendant Officers Flinchum and Mase are therefore immune from any common-law liability to Plaintiff pursuant to Section 2-201 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

WHEREFORE, the Defendants pray for the complaint to be dismissed with prejudice, for the costs of this action, attorneys fees under 42 U.S.C. § 1988 and for such other relief as this Court deems just and equitable under the circumstances.

DEFENDANTS REQUEST TRIAL BY JURY.

                LITCHFIELD CAVO, LLP

                /s/ Jeannine S. Gilleran
                Attorneys for the defendants
                VILLAGE OF SUMMIT,
                OFFICER FLINCHUM and
                OFFICER MASE

Jeannine S. Gilleran
LITCHFIELD CAVO, LLP
303 West Madison Street
Suite 300
Chicago, IL 60606-3300
(312) 781-6677

## **CERTIFICATE OF SERVICE**

    I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served Defendants' Answer to Plaintiff's Amended Complaint at Law by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record on the 29th day of May, 2008.

                                                   /s/ Jeannine S. Gilleran

Jeannine S. Gilleran
LITCHFIELD CAVO, LLP.
303 West Madison Street
Suite 300
Chicago, IL 60606
(312) 781-6677
(312) 781-6630 fax