MHN

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COREY GRIBBEN, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 08 C 0123 |
| v. | ) ) Magistrate Judge Arlander Keys |
| CITY OF SUMMIT, OFFICER FLINCHUM and OFFICER MAZE, | ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Corey Gribben has sued the City of Summit and two of its police officers, alleging various claims arising out of the defendants' investigation of a car accident that occurred on January 6, 2007. Mr. Gribben alleges that he was a passenger in one of the cars involved in the accident and that, during the course of the officers' investigation of that accident, he wound up being beaten and arrested. Here, he alleges battery, false arrest and intentional infliction of emotional distress. The defendants have invoked as a defense qualified immunity; they also allege that Mr. Gribben failed to mitigate his damages and that he engaged in intentional misconduct, which justified the treatment he received on January 6, 2007. The case is scheduled for trial July 26, 2010, and is currently before the Court for resolution of the parties' motions *in limine*.

Generally speaking, district courts have the power to

exclude evidence *in limine* as part of their inherent authority to manage trials. *See Pease v. Production Workers of Chicago and Vicinity Local 707*, No. 02 C 6756, 2003 WL 22012678, at *3 (N.D. Ill. Aug. 25, 2003)(citing *Farley v. Miller Fluid Power Corp.*, No. 94 C 2273, 1997 WL 757863, at *1 (N.D. Ill. Nov. 24, 1997); *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). But motions *in limine* should be granted only if the evidence is clearly not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). If there is any question on the issue, rather than barring the evidence before trial, the Court should reserve ruling on questions of admissibility until they actually arise, in the context of the trial. *See, e.g., Scarboro v. Travelers Ins. Co.*, 91 F.R.D. 21, 22 (E.D. Tenn. 1980); *Hawthorne Partners*, 831 F.Supp. at 1401.

Between them, the parties have filed four motions in limine, all challenging the relevance and admissibility of certain pieces or lines of evidence. Federal Rule of Evidence 402 provides that relevant evidence is generally admissible (unless it is otherwise inadmissible for some reason); evidence that is not relevant is not admissible. Additionally, Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

2

delay, waste of time, or needless presentation of cumulative evidence." With these standards in mind, the Court considers each side's motions.

Mr. Gribben's Motions *in Limine*

In his first motion *in limine*, Mr. Gribben asks the Court to bar any inferences, references or evidence of any prior injuries he may have had, or any complaints he may have made, unless the defendants are prepared to offer competent expert medical testimony concerning a causal connection (or lack thereof) between those injuries or complaints and the injuries he alleges in this lawsuit. The defendants oppose the motion, arguing that Mr. Gribben's pre-existing condition and injuries are relevant; indeed, they argue, these conditions are "the sole cause of the surgery Gribben had in March 2007 and the medical expenses Gribben incurred." *See* Response, p. 1.

Mr. Gribben claims that he sustained injuries as a result of the defendants' conduct, and that those injuries required medical attention, including surgery; he seeks to recover damages, including the medical expenses he incurred as a result of his injuries. Dr. Jesse Wardlow, who performed Mr. Gribben's surgery, testified at his deposition that, based upon the history reported by Mr. Gribben, he believed Mr. Gribben's broken nose was caused in the January 6th motor vehicle accident. Wardlow Dep., p. 9. He testified that Mr. Gribben never mentioned being

hit by a police officer. *Id.*, p. 14. Dr. Wardlow also testified that Mr. Gribben reported a history of chronic (longstanding) nasal obstruction and chronic sinusitis. *Id.*, p. 25. Dr. Wardlow testified that the surgery he performed did not address the fracture – he testified that "[t]hose fractures generally don't need surgical repair." Wardlow Dep., p. 30. He testified that he performed the surgery because Mr. Gribben "had a nasal deformity. He had chronic nasal obstruction that had an anatomic basis. And he had chronic sinusitis." *Id.*, p. 50. He also testified, however, that Mr. Gribben was experiencing pain, and that the pain was also an indication of the need for surgery. *Id.* And there is some question about whether, when he testified that fractures generally aren't treated with surgery, he was referring to Mr. Gribben's broken nose or a second facial fracture.

Whatever his testimony, however, evidence concerning the reason for the surgery is relevant; Mr. Gribben claims that he needed surgery as a result of his encounter with the defendants, and the defendants are entitled to delve into whether that was, in fact, the case. Thus, the Court finds that evidence concerning Mr. Gribben's pre-existing nasal condition is directly relevant to his claim of damages, which includes over $50,000 in medical expenses associated with his nasal surgery. Accordingly, Mr. Gribben's first motion *in limine* is denied.

In his second motion *in limine*, Mr. Gribben asks the Court to bar any inferences, references or evidence concerning the consumption of alcohol or drugs, or concerning Mr. Gribben's presence in a bar or tavern immediately prior to the occurrence. The defendants oppose the motion, arguing that evidence concerning his presence in a bar prior to the accident and evidence of whether he was intoxicated is relevant to the jury's evaluation of Mr. Gribben's credibility.

Mr. Gribben was a passenger, not a driver, at the time of the car accident that started this whole ball of wax, and, therefore, evidence of his intoxication - if it exists - would ordinarily be irrelevant. However, it appears that, at trial, the officers will testify concerning the steps they took to investigate the accident, which will involve a recitation of what occurred with respect to Mr. Gribben. His behavior is absolutely at issue, and his state of being - whether he was belligerent, calm or respectful - will be important when the jury is asked to consider the officers' behavior in response. Certainly, the officers' impressions and observations concerning his behavior are relevant, and this evidence may be important to the jury's consideration of the reasonableness or unreasonableness of the defendants' conduct at the scene of the accident. It may also be important when the jury is deciding credibility issues. Mr. Gribben may, of course, offer evidence to refute any evidence of

intoxication. But, at least for now, his second motion *in limine* is denied.

In his third motion *in limine*, Mr. Gribben seeks to bar any inferences, references or evidence of any prior convictions or arrests. Mr. Gribben argues that his criminal history is irrelevant and that allowing evidence on the issue would unduly prejudice the jury. The defendants oppose the motion, arguing that Mr. Gribben's criminal background should be admissible to attack his veracity and credibility.

Along with their response, the defendants submitted Mr. Gribben's rap sheet, which includes nineteen arrests, two traffic offense convictions and one conviction relating to dangerous drugs. Given the nature of the convictions, the Court agrees that they should have no bearing on Mr. Gribben's credibility; the Court also finds that the prior convictions are not relevant to the officers' conduct at the time of the accident - they did not even know about the prior convictions at that time. And the Court agrees that such evidence would likely prejudice the jury to some extent.

However, the Court also agrees that evidence concerning Mr. Gribben's prior convictions and arrests is relevant for the limited purpose of undermining his claim of intentional infliction of emotional distress. Mr. Gribben claims that his arrest in this case and the treatment he received at the

defendants' hands caused him to suffer severe emotional distress. Yet, if presented with evidence that Mr. Gribben had been arrested and incarcerated numerous times in the past, the jury could conclude that Mr. Gribben would not have been as emotionally traumatized by the arrest on January 6, 2007 as he claims to have been. *See Redmond v. City of Chicago*, No. 06 C 3611, 2008 WL 539164, at *2 (N.D. Ill. Feb 26, 2008)(evidence concerning prior arrests is relevant, not for purpose of showing bad character, but to allow jury to assess claim of emotional distress stemming from arrest). On balance, the Court finds that the probative value of this evidence is not "substantially outweighed by the danger of unfair prejudice" - especially because the jury can be given a limiting instruction as to the purpose for which this evidence may be used. Mr. Gribben's third motion *in limine* is denied.

The Defendants' Motion *in Limine*

The defendants have filed a motion *in limine* seeking to bar Mr. Gribben from introducing any opinion testimony from Dr. Wardlow with respect to whether the incident in question caused or aggravated Mr. Gribben's nasal condition; they also seek to bar the introduction of Mr. Gribben's medical bills. Initially, although the defendants have cited authority relating to the admissibility of exert testimony, it appears that Mr. Gribben does not plan to offer Dr. Wardlow as an expert; rather, as Mr.

7

Gribben's treating physician and as the doctor who actually ordered and performed the surgery on Mr. Gribben's nose, Dr. Wardlow will testify from his own personal experience and knowledge. His testimony is clearly relevant to Mr. Gribben's damages claim, and the Court will not preclude it.

Additionally, the Court also notes that this motion would seem to be utterly at odds with the position taken by the defendants in response to Mr. Gribben's motion *in limine* to bar evidence of any pre-existing condition. In response to that motion, the defendants suggested that Mr. Gribben required surgery, not because of anything they did, but because he had a prior nasal deformity; if they plan to try to establish this, then he should be permitted to try to prove that that was not the case, with any inconsistencies and issues being addressed and explored on cross-examination. The Court will not allow Dr. Wardlow to offer expert testimony concerning whether any force used on Mr. Gribben was excessive, as that would be inappropriate under the circumstances. He may, however, testify concerning Mr. Gribben's injuries and treatment, and Mr. Gribben may introduce evidence concerning the costs and expenses he incurred in connection with the surgery. It will be up to the jury to decide whether the defendants should be held liable for those costs and expenses. Defendants' motion *in limine* is denied.

## **CONCLUSION**

For the reasons set forth above, the Court denies Plaintiff's Motion *in Limine* Number 1 [#56]; Plaintiff's Motion *in Limine* Number 2 [#58]; Plaintiff's Motion in Limine Number 3 [#60]; and Defendant's Motion *In Limine* [#51].

Date: July 20, 2010

E N T E R E D:

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT