MHN

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COREY GRIBBEN,              )
                            )
        Plaintiff,           )
                            )
                            ) Case No. 08 C 0123
                            )
   v.                       ) Magistrate Judge Arlander Keys
                            )
VILLAGE OF SUMMIT, OFFICER  )
FLINCHUM and OFFICER MAZE,  )
                            )
        Defendants.         )

**MEMORANDUM OPINION AND ORDER**

Corey Gribben sued the Village of Summit and two of its police officers, alleging various claims arising out of the defendants' investigation of a car accident that occurred on January 6, 2007. Mr. Gribben alleged that he was a passenger in one of the cars involved in the accident and that, during the course of the officers' investigation of that accident, he wound up being beaten and arrested. He alleged battery, false arrest and intentional infliction of emotional distress.

The case was tried to a jury beginning July 26, 2010, and, on July 30, 2010, the jury returned a verdict for the defendants. The defendants filed their bill of costs on August 18, 2010, seeking to recover $2,103.45. On August 25, 2010, Mr. Gribben filed a motion seeking a new trial under Federal Rule of Civil Procedure 59(a). For the reasons explained below, the motion is denied and the costs are allowed.

Where the case has been tried to a jury, Rule 59(a) permits the Court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a). As a practical matter, however, "a new trial should be granted 'only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the Court's] conscience." *Warfield v. City of Chicago*, 679 F.Supp.2d 876, 882 (N.D. Ill. 2010)(quoting *Davis v. Wisconsin Department of Corrections*, 445 F.3d 971, 979 (7th Cir. 2006)). "Granting a new trial is not something to be done lightly." *Rasic v. City of Northlake*, No. 08 C 104, 2010 WL 3365918, at *6 (N.D. Ill. Aug. 24, 2010)(citing 11 Wright, Miller & Kane Federal Practice and Procedure: Civil 2d §2806 at 74-75 (1995 ed.)). Where a jury has reached a verdict, that verdict "will be set aside as contrary to the manifest weight of the evidence only if 'no rational jury' could have rendered the verdict." *Moore ex rel. Estate of Grady v. Tuelja*, 546 F3d 423, 427 (7th Cir. 2008)(citing *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006)). "Jury verdicts deserve particular deference in cases with 'simple issues but highly disputed facts.'" *Moore*, 546 F.3d at 427 (quoting *Latino v. Kaizer*, 58 F.3d 310, 314 (7th Cir. 1995)).

"The party seeking a new trial based on alleged legal errors

'bears a heavy burden.'" *Rasic*, 2010 WL 3365918, at *6 (quoting *Alverio v. Sam's Warehouse Club, Inc.*, 253 F.3d 933, 939 (7th Cir. 2001)). "The party first must show an abuse of discretion in the Court's rulings, which alone is a steep hill to climb"; additionally, he must then "'show that any alleged errors were "substantial enough to deny him a fair trial,' which requires proof that "a significant chance exists that they affected the outcome of the trial." *Rasic*, 2010 WL 3365918, at *6 (quoting *Rodriguez v. Anderson*, 973 F.2d 550, 552-53 n. 3 (7th Cir. 1992); *Wilson*, 25 F.3d at 584, *Hasham v. Cal. State Bd. of Equalization*, 200 F.3d 1035, 1048 (7th Cir. 2000)).

Here, Mr. Gribben argues that a new trial is necessary to prevent a miscarriage of justice; he argues that the Court misapplied the law when it precluded him from seeking redress for his false arrest claim, when it admitted highly prejudicial evidence concerning his arrest history and his level of intoxication on the night of the incident, and when it allowed defense counsel to make inappropriate and prejudicial statements in closing arguments.

<u>The False Arrest Claim</u>

In support of his motion for a new trial, Mr. Gribben first argues that the Court erred in dismissing his state law false arrest claim. On July 26, 2010, after taking up "housekeeping" matters prior to the start of the trial, the Court ruled on oral

3

motions made by the parties. First, the Court granted Mr. Gribben's oral motion to dismiss his intentional infliction of emotional distress claim. And, second, the Court granted the defendants' oral motion to dismiss Mr. Gribben's false arrest claim. The ruling on the first motion is discussed in greater detail below, in connection with Mr. Gribben's arguments concerning evidence of prior arrests and convictions. As for the second motion, the Court dismissed the false arrest claim, explaining as follows:

> Plaintiff was charged with four criminal violations arising out of the incident in question, including criminal damage to state property. Subsequently, Plaintiff pled guilty to the criminal damage to state property charge, for which he received probation. All of the charges arose out of the same incident. By pleading guilty to one of the charges, in the circumstances of this case, Plaintiff has demonstrated that Defendants had probable cause to arrest him.

Order entered July 26, 2010 (Docket #69).

Mr. Gribben now claims that the Court got it wrong on the law when it dismissed the false arrest claim, and that the Court's ruling substantially prejudiced him by precluding him from pursuing this claim. Fundamentally, Mr. Gribben challenges the Court's conclusion that a guilty plea on one of the five charges leveled against him gave rise to probable cause to arrest Mr. Gribben the night of the incident. He argues that, because he pled guilty to just one of the five charges, probable cause on the other charges was not established and the false arrest claim

should have been able to proceed based on those other 4 charges. See Plaintiff's Motion for New Trial, pp. 11-12. But his argument reflects a fundamental misunderstanding of the law; to win on his claim, he would have to show that the police lacked probable cause to arrest and his guilty plea precluded him from doing so. If the defendants had probable cause to arrest him on the damage to property claim - a fact established by his guilty plea - they had probable cause to arrest him, even if the other charges had ultimately turned out to be unfounded. *E.g., Gray v. Burke*, No. 05 C 59, 2007 WL 2688447, at *3 (Sept. 11, 2007)(plaintiff's guilty plea on a disorderly conduct charge is an admission that she engaged in disorderly conduct; that admission may be used in a subsequent proceeding)(citing *Reynolds v. Jamison*, 488 F.3d 756, 763 (7th Cir. 2007)). Accordingly, the Court's decision to dismiss the false arrest claim was grounded in the law and entirely appropriate. Thus, even putting aside the question of whether, in light of the jury's ultimate verdict, he could have won on his false arrest claim, the Court finds that the dismissal of this claim is not grounds for a new trial.

Relatedly, Mr. Gribben argues that the Court erred in declining to give a jury instruction concerning *respondeat superior*. The Court disagrees. Once the false arrest claim was properly dismissed, any vicarious liability instruction became unnecessary; if the defendant officers could not be found liable,

there was no basis for imposing vicarious liability on the Village. The same is true with regard to the battery claim; the jury determined that the defendants were not liable to Mr. Gribben on his battery claim, and, therefore, he has no basis to argue (other than speculation) that he was somehow prejudiced by a failure to instruct concerning vicarious liability; the Village could not have been liable unless the officers themselves were liable, and the jury found that they were not.

Evidence of Intoxication and Prior Arrests/Convictions:

In his complaint against the defendants, Mr. Gribben claimed that, after a traffic accident involving his friend's car (in which he was a passenger) and his father's truck (which was being driven at the time by his girlfriend), the police investigating the accident roughed him up and caused him to suffer injuries. The parties filed a number of motions *in limine*; among other things, Mr. Gribben asked the Court to bar evidence that he had been drinking prior to the accident, and he asked the Court to bar evidence of his past brushes with the law, including evidence that he had been arrested multiple times for a variety of offenses.

In connection with its rulings on the parties' motions *in limine*, the Court determined as follows:

> Mr. Gribben was a passenger, not a driver, at the time of the car accident that started this whole ball of wax, and, therefore, evidence of his intoxication – if it exists – would ordinarily be irrelevant.

> However, it appears that, at trial, the officers will testify concerning the steps they took to investigate the accident, which will involve a recitation of what occurred with respect to Mr. Gribben. His behavior is absolutely at issue, and his state of being - whether he was belligerent, calm or respectful - will be important when the jury is asked to consider the officers' behavior in response. Certainly, the officers' impressions and observations concerning his behavior are relevant, and this evidence may be important to the jury's consideration of the reasonableness or unreasonableness of the defendants' conduct at the scene of the accident. It may also be important when the jury is deciding credibility issues. Mr. Gribben may, of course, offer evidence to refute any evidence of intoxication. But, at least for now, his second motion *in limine* is denied.

Memorandum Opinion and Order entered July 20, 2010, p. 5 (Docket #66).

Mr. Gribben now argues that he was unfairly prejudiced because of testimony, offered by the defendants and by the emergency room doctor who treated him, to the effect that he had been drinking prior to the accident. The doctor testified that Mr. Gribben's breath smelled like alcohol and the defendant officers testified that they believed Mr. Gribben had been drinking at the time of the incident. This was permissible, given the Court's rulings on the motions *in limine*. If Mr. Gribben wishes to challenge that ruling, he may do so on appeal.

What's more, Mr. Gribben had ample opportunity to cross-examine the witnesses concerning their specific observations and the bases for their conclusions. He also had an opportunity to take the stand, to present his version of events and to testify

that he had not been drinking on the night of the incident. The jury was free to assess the credibility of each of these witnesses. Perhaps more importantly, the Court admonished the jury that intoxication was not an issue in the case and that the question of whether Mr. Gribben had been drinking that night was irrelevant. There is no indication that the jury's findings on the issue (if any) factored into the ultimate verdict.

With regard to Mr. Gribben's criminal history, the Court determined that evidence of prior arrests and convictions was relevant, only insofar as it might bear on his claim of intentional infliction of emotional distress; specifically, the Court ruled as follows:

> In his third motion *in limine*, Mr. Gribben seeks to bar any inferences, references or evidence of any prior convictions or arrests. Mr. Gribben argues that his criminal history is irrelevant and that allowing evidence on the issue would unduly prejudice the jury. The defendants oppose the motion, arguing that Mr. Gribben's criminal background should be admissible to attack his veracity and credibility.
>
> Along with their response, the defendants submitted Mr. Gribben's rap sheet, which includes nineteen arrests, two traffic offense convictions and one conviction relating to dangerous drugs. Given the nature of the convictions, the Court agrees that they should have no bearing on Mr. Gribben's credibility; the Court also finds that the prior convictions are not relevant to the officers' conduct at the time of the accident – they did not even know about the prior convictions at that time. And the Court agrees that such evidence would likely prejudice the jury to some extent.
>
> However, the Court also agrees that evidence concerning Mr. Gribben's prior convictions and arrests

> is relevant for the limited purpose of undermining his
> claim of intentional infliction of emotional distress.
> Mr. Gribben claims that his arrest in this case and the
> treatment he received at the defendants' hands caused
> him to suffer severe emotional distress. Yet, if
> presented with evidence that Mr. Gribben had been
> arrested and incarcerated numerous times in the past,
> the jury could conclude that Mr. Gribben would not have
> been as emotionally traumatized by the arrest on
> January 6, 2007 as he claims to have been. *See Redmond
> v. City of Chicago*, No. 06 C 3611, 2008 WL 539164, at
> *2 (N.D. Ill. Feb 26, 2008)(evidence concerning prior
> arrests is relevant, not for purpose of showing bad
> character, but to allow jury to assess claim of
> emotional distress stemming from arrest). On balance,
> the Court finds that the probative value of this
> evidence is not "substantially outweighed by the danger
> of unfair prejudice" – especially because the jury can
> be given a limiting instruction as to the purpose for
> which this evidence may be used. Mr. Gribben's third
> motion *in limine* is denied.

Memorandum Opinion and Order issued July 20, 2010, pp. 6-7

(Docket #66).

In the wake of that ruling, Mr. Gribben moved to dismiss his intentional infliction of emotional distress claim, and the Court granted that motion, noting in the order that, as a result,

> the Court's prior ruling on Plaintiff's Motion in
> Limine, in which it ruled that Plaintiff's prior
> arrests were relevant to this claim, is vacated. That
> motion in limine is granted. Plaintiff is barred from
> claiming or implying that he suffered any injuries,
> other than physical injuries, as a result of the
> incident in question. Likewise, Defendants are barred
> from presenting any evidence of Plaintiff's prior
> arrests, except to the extent that Plaintiff allegedly
> told one of the arresting officers that he had been
> arrested in the past, which alleged comment is noted in
> the police report.

Order entered July 26, 2010 (Docket #69).

Mr. Gribben now argues that the introduction of certain

9

evidence - namely, a mug shot photo from a prior arrest and testimony from one of the officers that Mr. Gribben said he had "been to jail before" - violated the Court's ruling and prejudiced the jury against him. The Court disagrees.

First, the mug shots were introduced, not as mug shots or as evidence of prior arrests, but as photographs depicting Mr. Gribben's physical appearance prior to the incident in question. By claiming that the defendant officers injured him and screwed up his nose, he placed the issue squarely into question, and the defendants were entitled to counter his testimony with evidence concerning the pre-incident appearance of his nose. Quite simply, he opened the door.

Second, there is simply nothing to indicate that the jury gave any weight to the photos, or to Mr. Gribben's statement; there is nothing to suggest that either piece of evidence played any role in the jury's verdict. Fundamentally, the case came down to whether the jury believed Mr. Gribben's version of events, or whether it believed the defendants' version of events. The jury chose to believe the defendants, and, beyond the photos and the statement, there was an abundance of evidence to support that decision.

Defense Counsel's Closing Argument:

Finally, in support of his motion for a new trial, Mr. Gribben argues that, despite a stipulation that she would not

reference any attempt by Mr. Gribben to collect money from any auto insurance carrier, counsel for the defendants argued in her closing that Mr. Gribben was trying to get money from "anyone he could," including his former friend, his former girlfriend and the defendants. According to Mr. Gribben, this statement was "highly prejudicial and almost certainly inflamed the passions of the jury and influenced the verdict in favor of Defendants." Motion for New Trial, p. 31. This is speculation and hyperbole; there is simply nothing to suggest that the jury's passions were inflamed or that this statement – which was actually benign in context – had any effect whatsoever on the jury.

## CONCLUSION

As explained, a new trial should be granted under Rule 59(a) "only when the record shows that the jury's verdict resulted in a miscarriage of justice" or where the verdict "shocks the Court's conscience." That is not the case here. Fundamentally, this case pitted Mr. Gribben's word against that of the defendants; the two sides told very different stories, and the jury chose to believe the defendants. That decision is supported in the evidence and bolstered by the witnesses' respective demeanor and credibility. Far from being shocked by the jury's verdict, having sat through the trial, heard all of the testimony, and scrutinized all of the evidence, the Court would have been surprised if the verdict had gone the other way.

11

Accordingly, and for the reasons explained above, the Court denies Plaintiff's Motion for New Trial [#80].

With regard to the defendants' Bill of Costs [#79], Mr. Gribben is directed to file his response (if any) by February 9, 2011, and the defendants are directed to file their reply by February 16, 2011. The Court will rule by mail.

Date: January 26, 2011

ENTERED:

MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT