# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0123 | **DATE** | 3/23/2011 |
| **CASE TITLE** | Gribben vs. City of Summit, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained below, the defendant's Bill of Costs [#79] is allowed, as modified in this order. *AK*

■ [ For further details see text below.]   Docketing to mail notices.

### STATEMENT

    Corey Gribben sued the Village of Summit and two of its police officers, alleging battery, false arrest and intentional infliction of emotional distress. The case was tried to a jury, which returned a verdict for the defendants on all counts. On August 18, 2010, the defendants filed their bill of costs, seeking to recover $2,103.45 in witness fees, copying charges and deposition-related expenses.

    Under Federal Rule of Civil Procedure 54(d)(1) "costs– other than attorney's fees– should be allowed to the prevailing party." Although the power to award costs is within the discretion of the district court, "prevailing parties are *prima facie* entitled to costs and it is the burden of the losing party to overcome the presumption." *McGill v. Faulkner,* 18 F.3d 456, 459 (7th Cir. 1994) (citing *United States v. Santiago,* 826 F.2d 499, 505 (7th Cir. 1987)). Costs recoverable under Federal Rule of Civil Procedure 54(d)(1) are enumerated in 28 U.S.C. § 1920, and include (insofar as is relevant here) (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case.

    Initially, there is no question that the defendants prevailed in this action; indeed, Mr. Gribben does not argue otherwise. He does, however, challenge each of the categories of costs requested by the defendants; for each, he argues either that the particular type of cost is not allowed, or that the amount claimed is excessive – sometimes both.

| | Courtroom Deputy Initials: | |
|---|---|---|

**STATEMENT**

Turning first to the deposition-related expenses, the defendants seek to recover $432.25 for the plaintiff's deposition; $273.00 for Caylie Maher's deposition; $279.50 for Woodward Sehn's deposition; $317.40 for Joseph Flinchum's deposition; $282.90 for Robert Mase's deposition; $66.60 for Dr. Wardlow's deposition; and $94.50 for Dr. Thompson's deposition. Local Rule 54.1 provides that "[s]ubject to the provisions of Fed. R, Civ. P. 54(d), the expense of any prevailing party in necessarily obtaining all or any part of a transcript for use in a case . . . shall be taxable as costs against the adverse party. The defendants seek reimbursement of costs associated with the depositions of the plaintiff; his friend and his girlfriend – both eyewitnesses to the events alleged; his treating physician who fixed the injuries allegedly inflicted by the defendants; the doctor who treated him in the emergency room when the defendants brought him in after his arrest; and the two named defendants. All of these depositions were necessarily obtained for use in the case.

Local Rule 54.1 also provides that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed." For the original transcript (which goes to the party taking the deposition), that rate is $3.65 per page; for copies, that rate is $.90 per page. The $3.25 per page fee charged for the original deposition transcripts of Mr. Gribben, Ms. Maher and Mr. Sehn falls within the maximum allowable rate set by the Judicial Conference, and those costs will, therefore, be allowed. The same is true of the $.90 per page rate claimed for copies of the two doctors' deposition transcripts; those will also be allowed. The costs claimed with respect to the defendant officers' depositions, however, exceed the maximum allowable rate for copies; those transcripts are charged at a rate of $3.45 per page and are only recoverable at a rate of $.90 per page. Thus, the Court will allow the defendants to recover $156.60 in connection with these two transcripts; the costs exceeding the maximum allowable rate are disallowed.

Next, the defendants seek to recover $125.00 paid to National Process Service to obtain service of the subpoena for Woodward Sehn for trial, as well as a $25.00 witness fee (including mileage) paid to Caylie Maher and a $30.80 witness fee (including mileage) paid to Woodward Sehn. The testimony of these witnesses was necessarily obtained for use in this case, and the costs, which the Court finds are reasonable, will be allowed.

Finally, the defendants seek to recover $176.50 in copying charges; this includes charges incurred in preparing the final pre-trial order binder (including motions in limine and jury instructions), and charges incurred to copy Mr. Gribben's medical records. From the invoices, it appears that the copies were charged at the rate of $.10 per page, which is reasonable. And the copies were actually used in trial. Accordingly, the Court will allow these costs as well.

In total, the Court will allow the defendants to recover costs in the amount of $1,659.75; this amount includes $180.80 in witness and service fees, $1,302.45 in transcript fees, and $176.50 in copying charges.